**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DUANE R. GUNVILLE, SR,
               Appellant,

        v.

DEPARTMENT OF THE INTERIOR,
               Agency.

DOCKET NUMBER
DE-0752-13-0220-I-1

DATE: December 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey H. Jacobson, Esquire, Tucson, Arizona, for the appellant.

Teresa M. Garrity, Esquire, Bloomington, Minnesota, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision that sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was a police officer with the Bureau of Indian Affairs and was removed based on a charge of off-duty misconduct arising from his alleged assault of his wife in March 2012. Initial Appeal File (IAF), Tab 4 at 16-23. Prior to that, he had been on an indefinite suspension since August 2010 based on previous criminal charges of reckless endangerment (prosecuted in tribal court) and aggravated assault (prosecuted in district court). *Id*. at 69-70, 76, 80-84. The former charge was dismissed without prejudice in October 2011, and the latter dismissed with prejudice in February 2012, after the appellant successfully completed the terms of a deferred prosecution agreement. *Id*. at 64-65. He was placed on administrative leave after the March 2012 incident. *Id*. at 33 n.1. The appellant's criminal trial based on charges arising from the March 2012 incident was set for January 2013. *Id*. at 28.

¶3 On November 16, 2012, the agency proposed the appellant's removal based on a single charge of off-duty misconduct arising from his alleged assault of his wife in March 2012. *Id*. at 32-38. The agency advised the appellant that he had

the right to submit an oral or a written reply within 14 calendar days of receiving the notice of proposed removal. *Id*. at 36.

¶4     The appellant received the notice of proposed removal on November 19, 2012. *Id*. at 39. On December 21, 2012, the appellant's counsel responded in writing arguing, inter alia, that: (1) the agency did not have sufficient evidence to support the removal insofar as it was based solely on the appellant's arrest; (2) in light of the then-pending criminal prosecution, the administrative action violated the appellant's right to due process and his Fifth Amendment right against self-incrimination; (3) there was no nexus between the alleged off-duty misconduct and the efficiency of the service; and, (4) the penalty was unreasonable under *Douglas*.[2]  *Id*. at 26-31.

¶5     On January 28, 2013, the prosecutor dismissed without prejudice the criminal charges arising from the March 2012 domestic violence incident. IAF, Tab 1 at 16. Thereafter, on February 13, 2013, the agency issued the decision to remove the appellant. IAF, Tab 4 at 17-23. The deciding official advised the appellant that, in arriving at the decision to remove him, he had considered the appellant's written reply of December 21, 2012. *Id*. at 17. He further stated that, "[i]n evaluating the evidence, I also took into account your decision not to respond to the substance of the charge against you." *Id.*  The appellant was removed from federal service effective February 14, 2013. *Id*. at 16.

¶6     The appellant filed an appeal with the Board. IAF, Tab 1. He originally requested a hearing, but subsequently withdrew that request and the appeal was decided on the written record. IAF, Tab 1 at 2, Tab 6. The administrative judge sustained the removal. IAF, Tab 13, Initial Decision (ID).

¶7     The appellant has filed a petition for review arguing that the agency committed harmful error and violated his constitutional rights in initiating the

---

[2] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981).

removal while criminal charges were pending. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## ANALYSIS

¶8      Where, as here, the agency charged the appellant with off-duty misconduct, rather than the substantive criminal offense of assault, the agency must establish that the appellant engaged in the off-duty misconduct outlined in its specification, rather than the underlying elements of the criminal offense referenced therein. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 43 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011). Based on the evidence in the record, we find that the agency established that the appellant engaged in off-duty misconduct by a preponderance of the evidence. *See* ID at 3-5.

¶9      The record contains a sworn statement from the appellant's wife, who averred, in pertinent part:

> As I walked into the kitchen area Duane grabbed me by the hair to the floor and started dragging me to the bedroom, calling me a [expletive] and [expletive] . . . . As he had me by the hair he was punching [me] all over the head in the hair line and this is where is [sic] usually hit me on other occasions. Duane drug [sic] me from the kitchen to the bedroom, I was trying to get away and when I did he caught me by my ankle and grabbed my phone before I could reach it to call the cops . . . . While I was in bedroom before I got away Duane struck me in the nose with a closed fist and that is when I started bleeding. When Duane seen [sic] the blood he held me down by my hair grabbed his phone and called someone he called Carla and told her to come beat the [expletive] out of me. I continued to struggle to get away and that is when Duane had me from behind with his forearm, elbow and started to choke me. I start to blackout and couldn't fight Duane off because he was behind me so I thought I was going to die . . . .

IAF, Tab 4 at 52-54. Although this sworn statement is hearsay, it is well-settled that hearsay is admissible in Board proceedings "and may be accepted as preponderant evidence even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence." *Kewley v. Department of Health*

*& Human Services*, 153 F.3d 1357, 1364 (Fed. Cir. 1998); *Long*, 113 M.S.P.R. 190, ¶ 26.

¶10        The determination of whether hearsay evidence alone is sufficient to sustain a charge depends on its reliability and trustworthiness.  *Long*, 113 M.S.P.R. 190, ¶ 27.  Hearsay must be evaluated on a case-by-case basis to determine if the hearsay is inherently truthful and more credible than the evidence offered against it.  *Id.*  Thus, the Board evaluates the probative value of hearsay under the factors set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981).  Those factors include the availability of persons with firsthand knowledge to testify at the hearing, whether the out-of-court statements were sworn, whether the declarants were disinterested witnesses to the events and whether their statements were routinely made, the consistency of the out-of-court statements with other statements and evidence, whether there is corroboration or contradiction in the record, and the credibility of the out-of-court declarant.  *Id.*

¶11        Here, because the appellant did not request a hearing, it is immaterial whether persons with firsthand knowledge were available to testify at the hearing. Moreover, as stated above, the statement is sworn.  *See, e.g.*, *Ford v. Office of Personnel Management*, 69 M.S.P.R. 73, 75 (1995) (sworn statements carry more weight than unsworn statements).  Further, the averments in the sworn statement are consistent with other evidence in the record.  In particular, we note that the record also contains the report of the investigating officer concerning the March 3, 2012 incident, which states, in part, that "[u]pon arrival at the Belcourt Police Department, I observed [the appellant's spouse] sitting in a chair by the booking area crying, and she had blood on her facial area and she was bleeding from her nose."  IAF, Tab 4 at 43-44.[3]  Thus, the investigating officer's statement, which

---

[3] We note that, although the proposal notice advised the appellant that he could review the materials that the agency relied upon in support of its action, he made no request to do so.  IAF, Tab 4 at 36.

itself was made in the ordinary course of his duties, corroborates the appellant's spouse's sworn statements.  There is no indication in the record, and the appellant does not content, that the investigating officer had any ulterior motive to fabricate his account of what happened.  Based on this record evidence, we conclude that the agency established its charge by preponderant evidence.

¶12      We further agree with the administrative judge that the agency established a nexus between the appellant's off-duty misconduct and the efficiency of the agency's mission, *see* ID at 9-10; *see also Scheffler v. Department of the Army*, [117 M.S.P.R. 499](), ¶ 13 (2012) (loss of trust and confidence in the employee can establish nexus between off-duty misconduct and the efficiency of the service), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013), and that the deciding official properly weighed the *Douglas* factors in rendering his decision, ID at 10-13.  Although the appellant argued below that the deciding official testified at his deposition that he did not have the authority to impose a penalty other than removal, *see* IAF, Tab 12 at 7-8, we agree with the administrative judge that the appellant's argument is premised on a selective reading of the deciding official's deposition, and we have found no evidence in the record that the deciding official was limited in his ability to select a lesser penalty when considering the appellant's proposed removal, ID at 6-8.  The appellant, moreover, has not challenged the administrative judge's findings on this issue on review, and we find no reason to disturb them.

¶13      The appellant argues on review that the agency should not have proposed his removal while criminal charges were pending against him, and he instead suggests that the agency could have indefinitely suspended him pending the resolution of the criminal charges.  PFR File, Tab 1 at 3.  He contends that that the agency denied him due process by requiring him to respond to an administrative proceeding concerning his proposed removal at a time when criminal proceedings against him were pending, and then considering his exercise

of his Fifth Amendment right to remain silent as evidence in support of its charge. *Id.* As explained below, we find the appellant's arguments unpersuasive.

¶14    In *Wallington v. Department of the Treasury*, 42 M.S.P.R. 462, 464-66 (1989), the Board reaffirmed its practice of staying its appellate proceedings when the appellant is the subject of a criminal proceeding involving the same facts as those at issue in the Board appeal. *See id.* at 464. In reaching this conclusion, the Board explained that this practice is rooted in the understanding that continuing the Board's proceedings could constitute an improper interference with the ongoing criminal case concerning the same types of conduct. *Id.* at 464-65. Similarly, as the District of Columbia Circuit Court stated in *Silver v. McCamey*, 221 F.2d 873, 874-75 (D.C. Cir. 1955), "due process is not observed if an accused person is subjected, without his consent, to an administrative hearing on a serious criminal charge that is pending against him. His necessary defense in the administrative hearing may disclose his evidence long in advance of his criminal trial and prejudice his defense in that trial." *See Securities & Exchange Commission v. Dresser Industries*, 628 F.2d 1368 (D.C. Cir. 1980) ("the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.").

¶15    In the instant appeal, however, it is undisputed that, after the agency proposed the removal but approximately 2 weeks before the agency issued its decision letter, the criminal charges against the appellant were dismissed. IAF, Tab 1 at 16. At that point, any concern that removal proceedings could constitute an improper interference with the ongoing criminal case concerning the same conduct was no longer present. The appellant did not seek leave from the agency to supplement his written response to the agency's proposal notice during this

2-week period.[4]   Under these circumstances, the appellant's contention, that he was improperly required to respond to his proposed removal at a time when criminal proceedings against him were pending, lacks merit.

¶16      Nor are we persuaded by the appellant's contention that that the agency effected his removal based upon his invocation of his Fifth Amendment right to remain silent.  In *Kalkines v. United States*, 473 F.2d 1391, 1393 (Ct. Cl. 1973), the court held that an employee cannot be disciplined for remaining silent unless he is informed that his responses and their fruits cannot be used against him in a criminal matter.  *Kalkines*, however, is inapplicable under the facts of this case. The decision letter does not indicate that the appellant was disciplined in whole or in part for remaining silent; rather, it simply states that in evaluating the evidence upon which the substance of the charge was based, the deciding official took into account, as one factor, the appellant's failure to contest that evidence.[5]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to

---

[4] Although, as stated above, the agency's November 16, 2012 proposal notice advised the appellant that he had 14 days from the date of receipt to submit a response, it is undisputed that he submitted a response on December 21, 2012, and that the deciding official considered it.  The proposal notice also advised the appellant that he could request an extension in writing from the deciding official, but there is no indication that the appellant submitted such a request.  IAF, Tab 4 at 36.

[5] The administrative judge noted in the initial decision that the appellant did not assert his rights under the Fifth Amendment before the Board.  ID at 5.  He further stated, however, that an appellant has no right to assert the Fifth Amendment right against self-incrimination in a Board hearing and, therefore, an administrative judge may draw an adverse inference against the appellant for his failure to testify.  ID at 5.  We VACATE this portion of the initial decision and clarify that we do not draw an adverse inference from the appellant's failure to testify in this case; nor have we otherwise considered his failure to do so in concluding that the agency established its charge by preponderant evidence.

request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.